UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Thanh T. Nguyen | : | Civil Action No.: |
| V. | : | |
| John Antonino dba Antonino Acura | : | Complaint and Demand for Jury Trial |
| | : | April 3, 2006 |

I.     INTRODUCTION

1.     This is an action brought by plaintiff Thanh T. Nguyen to recover actual,

statutory and punitive damages, reasonable attorneys' fees, and costs from defendant

John Antonino doing business as Antonino Acura for engaging in a "yo-yo" sale of a

new car, also known as a spot delivery. The illegal, unfair and deceptive actions

engaged in consisted of first representing to the plaintiff that he had been approved for

financing on the purchase of a new car, then offering financing with the defendant

acting as the creditor with no condition subsequent or precedent regarding the

defendant being able to assign the financing agreement to a third party, then, upon

plaintiff's acceptance of this offer, obtaining a down payment of $500.00 from the

plaintiff and delivering possession of the new car to the plaintiff, and thereafter illegally

repossessing the plaintiff's car when the defendant was unable to obtain an assignee

for the retail installment contract.    The defendant also failed to give the plaintiff an adverse action letter when it revoked the credit which it had previously given.

These acts violated the Equal Credit Opportunity Act, 15 U.S.C. §§1691; violated Conn. Gen. Statutes §42-110a et seq. (hereafter the Connecticut Unfair Trade Practices Act); violated § C.G.S. sections 42a-9-609, 42a-9-611, 42a-9-612, 42a-9-613, 42a-9-614, 42a-9-615 (Connecticut's Uniform Commercial Code, Article 9); violated sections 36a-785(b) and 36a-785(c) of the Connecticut General Statutes (Connecticut's Retail Installment Act), and constituted a fraudulent misrepresentations, a negligent misrepresentation, theft and breach of contract.


II.    JURISDICTION

2.    Jurisdiction of this court arises under 15 U.S.C. §1691e(f), 28 U.S.C. §1337, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. §1367.


III.    PLAINTIFF

3.    The Plaintiff Thanh T. Nguyen resides at 1739 Dixwell Avenue, Hamden, Connecticut 06514.

**LICARI & WALSH, LLC**
105 COURT STREET, NEW HAVEN, CONNECTICUT 06511
————
(203) 752-1450
FAX (203) 752-1401

IV.   DEFENDANT

4.   The Defendant John Antonino is an individual who at all times relevant to this complaint was doing business as Antonino Acura with a place of business in Connecticut at 340 Gold Star Highway, Groton, Connecticut 06340. This defendant will be referred to in this complaint as "Antonino Acura" or "the defendant". At all times referred to in this complaint, the defendant operated a new car and used car business.

V.   STATEMENT OF FACTS

5.   Several days before April 12, 2004, the plaintiff Thanh T. Nguyen went to the defendant's business to shop for a new car.

6.   At the defendant's dealership, the plaintiff spoke with an employee of the defendant whose first name was Bill, and explained that he was interested in purchasing a black Acura RSX Type S new car. Upon information and belief, Bill was the sales manager of the defendant.

7.   Bill indicated he did not have this car in black, but indicated that he could get it. He then showed the plaintiff an Acura RSX Type S, in a different color. The parties negotiated the price and finally agreed on a price of $22,500.00.

8.   Bill took the plaintiff to speak with a Paul Vernotzy who was employed by the defendant in the finance department, to discuss financing the purchase of the Acura.

9.   Mr. Vernotzy presented the plaintiff with a credit application and asked the plaintiff to sign the same.  To the best of the plaintiff's current memory, he signed his name and gave his address on the credit application but the remainder of the application was blank.

10.   Mr. Vernotzy told the plaintiff that the plaintiff needed to bring him an envelope with the plaintiff's name and address on it, an insurance binder, a pay stub and a telephone bill.

11.   Thereafter, the plaintiff was contacted by an employee of the defendant and told that the car he wanted had come in.

12.   On April 12, 2004, the plaintiff went to the defendant's car dealership with the papers requested as noted in paragraph 10 above.

13.   Upon arriving at the defendant's dealership on April 12th, the plaintiff met with Mr. Vernotzy in the finance department and gave him the requested papers. The plaintiff then again spoke with Bill who was acting within the scope of that employee's employment, agency or office, in furtherance of the defendant's

**LICARI & WALSH, LLC**
105 COURT STREET, NEW HAVEN, CONNECTICUT  06511

(203) 752-1450
FAX (203) 752-1401

business. To the best of plaintiff's current recollection, Bill told the plaintiff that the interest on the financing would be 12.99%. Upon further negotiations, Bill offered financing at 8.99% and the plaintiff agreed to these financing terms.

14.   The defendant, through its employees, then had a Retail Purchase Order and a Retail Installment Contract prepared for the plaintiff's review and acceptance. The retail installment contract described the terms of the sale and financing as had been agreed to by the plaintiff and defendant. The purchase price was $22,500.00, the interest rate was 8.99%, the deposit was $500.00 and the monthly payments called for 60 payments of $498.56. These terms were acceptable to the plaintiff who accepted the defendant's offer by signing the retail purchase order and signing the retail installment contract.

15.   The Retail Installment Contract described the plaintiff as the Buyer and described Antonino Acura, the defendant's dba, as the Creditor – Seller.

16.   After plaintiff's acceptance of the Retail Installment Contract, the defendant became the creditor who extended credit to plaintiff for the purchase of the 2004 Acura RSX.

17.   Under the express terms of the Retail Installment Contract, the plaintiff provided the full consideration required under the Retail Installment Contract for the

purchase of the 2004 Acura RSX when he signed the Retail Installment Contract, paid the $500.00 deposit and agreed to make the monthly payments to the defendant as recited in the Retail Installment contract.

18.     The defendant, by its duly authorized employees, congratulated the plaintiff on his purchase and delivered the car to him on April 12, 2004. There was no mention of a financing contingency. An employee of the defendant's service department showed the plaintiff around the service area of the defendant's dealership. Dealer plates were put on the car and the plaintiff drove home with the car.

19.     The retail installment contract by which the plaintiff financed the purchase of the car from the defendant called for the first monthly payment to be made on May 27, 2004.

20.     Approximately two or three weeks later, an employee of the defendant called and left a message for the plaintiff saying that his license plates had come in and advising him to come in to pick them up.

21.     Upon receiving this message, the plaintiff brought his car to the defendant's dealership intending to pick up his license plates. Upon arriving at the dealership, Bill told the plaintiff to come into his office. Bill said that there was a

problem and that the deal did not go through.  He indicated that he needed an

addition $1000.00 deposit and that the interest rate would be higher.

22.     The plaintiff, knowing that (a) he had purchased the car on April 12, 2004, (b)

that the retail installment contract contained no financing contingency but

clearly showed that the creditor was the defendant, refused to agree to any

change in the terms.

23.     Unknown to the plaintiff, while the plaintiff was speaking with Mr. Brett,

employees of the defendant removed the dealer plates from the plaintiff's car

and, when the plaintiff attempted to reclaim his car, he was told that he could

not take his car.  Instead, he was given a loaner car.

24.     Through deceitful acts and statements as noted above, the defendant tricked

the plaintiff into bringing his car to the defendant's dealership where the

defendant's duly authorized employees, without the plaintiff's permission, took

the plaintiff's 2004 Acura RSX and has kept the same.


VI.     FIRST COUNT – VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT

25.     In advising the plaintiff that the defendant had been unable to obtain financing,

in revoking the credit which had been previously granted as evidenced by the

retail installment contract, in demanding that the car be returned and in taking the plaintiff's car without the plaintiff's consent, the defendant took adverse action against the Plaintiff as defined in 15 U.S.C. section 1691(d)(6) of the Equal Credit Opportunity Act.

26.   In violation of 15 U.S.C. section 1691(d)(1) and (2) of the Equal Opportunity Act, the defendant failed to provide the plaintiff with the written notification as to the reasons for the adverse action and failed to provide the plaintiff with written notification of (a) the plaintiff's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification and (b) the identity of the person or office from which such statement may be obtained

27.   As a proximate result of the defendant's violations of the Equal Opportunity Act, the plaintiff suffered embarrassment, humiliation, mental distress and inconvenience, and the defendant is liable therefore, pursuant to 15 U.S.C. section 1691e(a).

28.   The acts complained of herein were done by the defendant intentionally, purposefully and/or in reckless disregard of the rights of the plaintiff.

**LICARI & WALSH, LLC**
105 COURT STREET, NEW HAVEN, CONNECTICUT 06511

(203) 752-1450
FAX (203) 752-1401

29.   The defendant also is liable to the plaintiff for statutory punitive damages in an amount not greater than $10,000.00 pursuant to 15 U.S.C. section 1691e(b)

30.   The defendant also is liable to the plaintiff for reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. section 1691e(d).

VI.   SECOND COUNT – UCC REVISED ARTICLE 9 VIOLATIONS

39.   In taking the plaintiff's car when it had no legal right to do so, the defendant committed a repossession of the plaintiff's car in violation of C.G.S. sections 42a-9-609.

40.   In failing to provide proper notification before disposition of the car, the defendant violated C.G.S. section 42a-9-611, 42a-9-612, and 42a-9-614.

41.   In failing to provide notification of the application of proceeds, the defendant violated C.G.S. section 42a-9-616.

42.   Pursuant to C.G.S. section 42a-9-625, the defendant is liable to the plaintiff for an amount equal to the credit service charge of $5,980.15 plus ten percent of the principal amount of the amount financed as shown on the retail installment

**LICARI & WALSH, LLC**
105 COURT STREET, NEW HAVEN, CONNECTICUT  06511
––––––––––
(203) 752-1450
FAX (203) 752-1401

contract, which amount equals $2,393.34 (10% x $23,933.45) for a total amount of $8,373.49.

43. The actions of the defendant have caused the plaintiff damages in that the plaintiff has lost the use and full value of the car; has lost his deposit of $500.00, may incur taxes on his car when he does not have the use of the same, and has suffered emotional distress, aggravation and embarrassment as a result of the conduct of the defendant's duly authorized employees.

## VII.   THIRD COUNT – VIOLATION OF CONNECTICUT'S RETAIL INSTALLMENT SALES FINANCING ACT

44. The defendant failed to provide any pre-repossession notice to the plaintiff as described in C.G.S. 36a-785(b).

45. The defendant failed to provide the post repossession notice to the plaintiff as required by C.G.S. section 36a-785(c).

46. As a result of the defendant's violation of C.G.S. sections 36a-785(b) and 36a-785(c), the defendant is liable to the plaintiff for actual damages and in no event less than one fourth of the sum of all payments which have been made under the contract, as provided in C.G.S. section 36a-785(i).

**LICARI & WALSH, LLC**
105 COURT STREET  NEW HAVEN, CONNECTICUT  06511
(203) 752-1450
FAX (203) 752-1401

47. The actions of the defendant have caused the plaintiff damages in that the plaintiff has lost the use and full value of the car; has lost his deposit of $500.00, may incur taxes on his car when he does not have the use of the same, and has suffered emotional distress, aggravation and embarrassment as a result of the defendant's conduct.

VIII.   FOURTH COUNT – BREACH OF CONTRACT

48. In taking the plaintiff's car, the defendant breached its contract with the plaintiff.

49. As a result of the breach of contract, the plaintiff has lost the use, ownership and full value of the car; has lost his deposit of $500.00, may incur taxes on his car when he does not have the use of the same, and has suffered emotional distress, aggravation and embarrassment as a result of the conduct of the defendant's duly authorized employees for which the defendant is liable.

IX.   FIFTH COUNT – VIOLATION OF CONNECTICUT'S UNFAIR TRADE PRACTICES ACT

50. A consumer relationship existed between the plaintiff and the defendant.

51. The actions of the defendant in representing to the plaintiff that the plaintiff had been approved for financing on the purchase of a new car, then offering

financing with the defendant acting as the creditor with no condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, then, upon plaintiff's acceptance of this offer, delivering possession of the new car to the plaintiff, and thereafter illegally repossessing the car when the defendant was unable to obtain an assignee for the retail installment contract constituted an unfair trade practice, in violation of the Connecticut Unfair Trade Practices Act, Section 42-110(a) et seq. of the Connecticut General Statutes, in that they were immoral, unethical, oppressive or unscrupulous.

52. The actions of the defendant, acting through is duly authorized employees, in representing to the plaintiff that the plaintiff had been approved for financing on the purchase of a new car, then offering financing with the defendant acting as the creditor with no condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, then, upon plaintiff's acceptance of this offer, delivering possession of the new car to the plaintiff, and thereafter illegally repossessing the car when the defendant was unable to obtain an assignee for the retail installment contract constituted an unfair trade practice, in violation of the Connecticut Unfair Trade Practices Act,

**LICARI & WALSH, LLC**
105 COURT STREET  NEW HAVEN, CONNECTICUT  06511

(203) 752-1450
FAX (203) 752-1401

Section 42-110(a) et seq. of the Connecticut General Statutes, in that the actions of the defendant's employees for which the defendant is liable offend public policy as it has been established by common law in that the actions of the defendant either:

a.  constituted a fraudulent misrepresentation in that the defendant, by its duly authorized agent and employee made a false representation as to the approval of the plaintiff's financing, which representation was made as a statement of fact, it was untrue and known to be untrue by the defendant's agent and employee who was acting within the scope of the employee's authority and employment when the employee made the representation, and it was made to induce the plaintiff to act upon it and the plaintiff did act upon that false representation to the plaintiff's injury or

b.  constituted a negligent misrepresentation in that the defendant's duly authorized agent and employee, while acting within the scope of the employee's authority as agent and employee for the defendant failed to exercise reasonable care or competence in obtaining or communicating proper information regarding the approval of plaintiff's financing and thereby supplied false information, and caused the plaintiff, by the

plaintiff's justifiable reliance upon this information, to suffer pecuniary loss.

53. The actions of the defendant, acting through his duly authorized employees for whom he is liable, in representing to the plaintiff that the plaintiff had been approved for financing on the purchase of a new car, then offering financing with the defendant acting as the creditor with no condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, then, upon plaintiff's acceptance of this offer, delivering possession of the new car to the plaintiff, and thereafter illegally repossessing the car when the defendant was unable to obtain an assignee for the retail installment contract also constituted an unfair trade practice, in violation of the Connecticut Unfair Trade Practices Act, Section 42-110(a) et seq. of the Connecticut General Statutes, in that they cause substantial injury to consumers.

54. The actions of the defendant, acting through his duly authorized employees for whom he is liable, have caused the plaintiff an ascertainable loss of money in that the plaintiff has been deprived of the benefit of the Plaintiff's bargain; has lost the use and full value of the car; has lost his deposit of $500.00, may incur

taxes for her car during a period when he does not have use of the same, has been greatly shocked and angered by the defendant's conduct and resulting damages sustained. The plaintiff also has sustained other incidental and consequential damages.

55. The plaintiff has also suffered emotional distress and has suffered aggravation and embarrassment because of the defendant's actions.

56. Notice of the plaintiff's cause of action has been given to the Attorney General of the State of Connecticut in accordance with section 42-110g(c) of the Connecticut General Statutes.

X.   SIXTH COUNT - NEGLIGENT MISREPRESENTATION

57. The actions of the defendant, acting through his duly authorized employees for whose actions he is liable, in representing to the plaintiff that the plaintiff had been approved for financing on the purchase of a new car, then offering financing with the defendant acting as the creditor with no condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, then, upon plaintiff's acceptance of this offer, delivering possession of the new car to the plaintiff, and thereafter illegally

repossessing the car when the defendant was unable to obtain an assignee for the retail installment contract constituted a negligent misrepresentation in that the defendant's agents and employees, while acting within the scope of their authority as agents and employees for the defendant failed to exercise reasonable care or competence in obtaining or communicating proper information regarding the financing of the plaintiff's car and thereby supplied false information for the guidance of the plaintiff in purchasing the car , and caused the plaintiff, by the plaintiff's justifiable reliance upon this information, to suffer pecuniary loss.

58. The actions of the defendant have caused damage to the plaintiff in that the plaintiff has been deprived of the benefit of the plaintiff's bargain; has lost the use and full value of the car; has lost his deposit of $500.00, may incur taxes for his car during a period when he does not have use of the same, has been greatly shocked and angered by the defendant's conduct and resulting damages sustained. The plaintiff also has sustained other incidental and consequential damages.

59. The plaintiff has also suffered emotional distress and has suffered aggravation and embarrassment because of the defendant's actions.

**LICARI & WALSH, LLC**
105 COURT STREET, NEW HAVEN  CONNECTICUT  06511
----------
(203) 752-1450
FAX (203) 752-1401

XI.   SEVENTH COUNT - FRAUDULENT MISREPRESENTATION

60. The actions of the defendant, acting through his duly authorized employees for
whose actions he is liable, in representing to the plaintiff that the plaintiff had
been approved for financing on the purchase of a new car, then offering
financing with the defendant acting as the creditor with no condition subsequent
or precedent regarding the defendant being able to assign the financing
agreement to a third party, then, upon plaintiff's acceptance of this offer,
delivering possession of the new car to the plaintiff, and thereafter illegally
repossessing the car when the defendant was unable to obtain an assignee for
the retail installment contract constituted a fraudulent misrepresentation in that
the defendant, by its duly authorized agents and employees, made false
representations as to terms and conditions of financing and as to the financing
approval of the car which representation were made as a statements of fact,
they were untrue and known to be untrue by the defendant's agents and
employees who were acting within the scope of their authority and employment
when they made the representation, and they were made to induce the plaintiff
to act upon them and the plaintiff did act upon the false representations to the
plaintiff's injury.

**LICARI & WALSH, LLC**
105 COURT STREET, NEW HAVEN, CONNECTICUT 06511
(203) 752-1450
FAX (203) 752-1401

61. The actions of the defendant have caused damage to the plaintiff in that the plaintiff has been deprived of the benefit of the plaintiff's bargain; has lost the use and full value of the car; has lost his deposit of $500.00, may incur taxes for his car during a period when he does not have use of the same, has been greatly shocked and angered by the defendant's conduct and resulting damages sustained. The plaintiff also has sustained other incidental and consequential damages.

62. The plaintiff has also suffered emotional distress and has suffered aggravation and embarrassment because of the defendant's actions.

XII.    EIGHTH COUNT – THEFT

63. In taking the plaintiff's car when it had no legal right to do so, the defendant wrongfully took the plaintiff's car from its owner with intent to deprive the plaintiff of his car.

64. By the defendant's actions as described in the previous paragraph, the defendant violated C.G.S. section 52-564 which provides "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble damages."

65. The actions of the defendant have caused damage to the plaintiff in that the plaintiff has been deprived of the benefit of the plaintiff's bargain; has lost the use and full value of the car; has lost his deposit of $500.00, may incur taxes for his car during a period when he does not have use of the same, has been greatly shocked and angered by the defendant's conduct and resulting damages sustained. The plaintiff also has sustained other incidental and consequential damages.

66. The plaintiff has also suffered emotional distress and has suffered aggravation and embarrassment because of the defendant's actions.

**LICARI & WALSH, LLC**
105 COURT STREET, NEW HAVEN, CONNECTICUT 06511
----------
(203) 752-1450
FAX (203) 752-1401

The Plaintiff Claims:

<u>On the First Count</u>

1.   Actual money damages pursuant to 15 U.S.C. section 1691e(a).

2.   Punitive damages of $10,000 pursuant to 15 U.S.C. section 1691e(b).

3.   Reasonable attorney's fees and costs of this action pursuant to 15 U.S.C. section 1691e(d).

**On the Second Count:**

1.   Pursuant to C.G.S. section 42a-9-625, the defendant is liable to the plaintiff for an amount equal to the credit service charge plus ten percent of the principal amount of the amount financed as shown on the retail installment contract.

2.   Money Damages

3.   An order from the Court ordering the Defendant to return the plaintiff's car to him and to provide him with the financing as described in the retail installment contract.

4.   Reasonable Attorney's Fees pursuant to C.G.S. section 42-150bb.

**LICARI & WALSH, LLC**
105 COURT STREET, NEW HAVEN, CONNECTICUT 06511
(203) 752-1450
FAX (203) 752-1401

**On the Third Count:**

    1.    Money damages

    2.    An order from the Court ordering the Defendant to return the plaintiff's car to him and to provide him with the financing as described in the retail installment contract.

    3.    As a result of the defendant's violation of C.G.S. sections 36a-785(b) and 36a-785(c), the defendant is liable to the plaintiff for actual damages and in no event less than one fourth of the sum of all payments which have been made under the contract, as provided in C.G.S. section 36a-785(i).

    4.    Reasonable Attorney's Fees pursuant to C.G.S. section 42-150bb.

**On the Fourth Count:**

    1.    Money damages.

    2.    An order from the Court ordering the Defendant to return the plaintiff's car to him and to provide him with the financing as described in the retail installment contract.

**LICARI & WALSH, LLC**
105 COURT STREET, NEW HAVEN, CONNECTICUT 06511
———
(203) 752-1450
FAX (203) 752-1401

<u>On the Fifth Count</u>:

1.    Money damages against the Defendant.

2.    An order from the Court ordering the Defendant to return the plaintiff's car to him and to provide him with the financing as described in the retail installment contract.

3.    Statutory Punitive Damages pursuant to C.G.S. section 42-110g(a) against the Defendant

4.    Counsel fees pursuant to C.G.S. section 42-110g(d) against the Defendant.

5.    An order from the Court ordering the Defendant to cease and desist from engaging in unfair and deceptive practices.

6.    Such other and further relief to which the Plaintiff is, at law, or in equity and by statute entitled against the Defendant.

**On the Sixth Count:**

1.    Money damages against the Defendant.

**LICARI & WALSH, LLC**
105 COURT STREET, NEW HAVEN, CONNECTICUT 06511
----------
(203) 752-1450
FAX (203) 752-1401

2.    An order from the Court ordering the Defendant to return the plaintiff's car to him and to provide him with the financing as described in the retail installment contract.

3.    Reasonable Attorney's Fees pursuant to C.G.S. section 42-150bb.

4.    Such other and further relief to which the Plaintiff is, at law, or in equity and by statute entitled against the Defendant.

**On the Seventh Count:**

1.    Money damages against the Defendant.

2.    Common law Punitive Damages against the Defendant.

3.    An order from the Court ordering the Defendant to return the plaintiff's car to him and to provide him with the appropriate payment book and financing as described in the retail installment contract.

4.    Reasonable Attorney's Fees pursuant to C.G.S. section 42-150bb.

5.    Such other and further relief to which the Plaintiff is, at law, or in equity and by statute entitled against the Defendant.

**LICARI & WALSH, LLC**
105 COURT STREET, NEW HAVEN, CONNECTICUT 06511
(203) 752-1450
FAX (203) 752-1401

On the Eighth Count:

1.   Money Damages.

2.   An order from the Court ordering the Defendant to return the plaintiff's car to

him and to provide him with the financing as described in the retail

installment contract.

3.   Treble damages pursuant to violated C.G.S. section 52-564

4.   Reasonable Attorney's Fees pursuant to C.G.S. section 42-150bb.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

Thanh T. Nguyen

By_____
Gary P. Sklaver, Esq.
Plaintiff's Attorney
Fed Bar. No.: ct07327
105 Court Street, Suite 403
New Haven, CT 06511
Telephone:  752-1450; Fax: 203 752-1401
Email: gsklaver@yahoo.com

**LICARI & WALSH, LLC**
105 COURT STREET, NEW HAVEN, CONNECTICUT  06511
----------
(203) 752-1450
FAX (203) 752-1401